**Lenahan & Dempsey, P.C.**
By: Michael A. Dempsey, Esquire
I.D. No. 309969
Lenahan & Dempsey Professional Bldg.
116 N. Washington Avenue, Suite 400
Scranton, Pennsylvania 18501-0234
 (570) 346-2097 Telephone
(570) 346-1174 Facsimile
E-mail: md@lenahandempsey.com
_____

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA HURLBUT, EXECUTRIX OF THE ESTATE OF LEONARD VALITSKI, | JURY TRIAL DEMANDED |
| Plaintiff | |
| | NO. |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

## COMPLAINT

**AND NOW,** comes the Plaintiff, Donna Hurlbut, Executrix of the Estate of Leonard Valitski, by and through her counsel, Lenahan & Dempsey, P.C. and Michael A. Dempsey, Esquire and complain against the Defendants as follows:

1. The Plaintiff, Donna Hurlbut, is the Executrix of the Estate of Leonard Valitski and is a citizen residing at 220 Pagoda Court, Shephardsville, Bullitt County, Kentucky 40165.

2. The Plaintiff, Donna Hurlbut has been granted Certificate of Grant Letters of Administration for the Estate of Leonard Valitski by the Register of Wills of Schuylkill County, Pennsylvania on February 26, 2015. See Certificate of Grant of Letters attached hereto as "Exhibit A".

3. The jurisdiction of this Court is invoked pursuant to the Federal Tort Claims Act 28 U.S.C. § 1346(b), § 2671 et. seq. as the Defendant is the United States of America. Plaintiff, Donna Hurlbut filed a Standard Form 95 prior to the filing of this Complaint pursuant to 28 U.S.C. § 2675(a).

4. The instant cause of action arises from a fatal motor vehicle collision which occurred on November 17, 2014 in Cass Township, Schuylkill County, Pennsylvania, which creates venue in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1402.

5. The Defendant herein is the United States of America, answerable for all acts and omissions as alleged herein committed by persons acting on behalf of the United States of America, including but not limited to persons acting on behalf of the United States Department of Veterans Affairs, an administrative agency of the United States of America and its employees, agents and/or servants.

6. At all times material hereto, Defendants acted by and through its agents, ostensible agents, servants, and employees who at all times material hereto were acting within the course and scope of their agency, employment and authority and for whose conduct the Defendant is liable, vicariously or otherwise.

7. Defendant, United States of America owns a 2006 Ford F-350 van utilized to transport veterans that were involved in a fatal motor vehicle collision on November 17, 2014 at the intersection of Highridge Park Road and Keystone Boulevard, Cass Township, Schuylkill County, Pennsylvania.

8. On or about November 17 2014, at approximately 7:40 A.M., James Metzger, acting within the course and scope of his agency, employment and authority with the United States of America Department of Veterans Affairs, was operating the aforesaid 2006 Ford F-350 van owned by the United States of America with the permission of the United States of America Department of Veterans Affairs.

9. James Metzger, acting as an agents, ostensible agent, servant, and/or employee of the Defendant United States of America, was operating the aforementioned 2006 Ford F-350 van transporting veterans to the Veterans Administration Hospital in Lebanon, Pennsylvania.

10. At this time, Leonard Valitski was one of the veterans being transported and was sitting in the front passenger seat of the aforementioned 2006 Ford F-350 van being operated by James Metzger.

11. Prior to the subject motor vehicle collision, Mr. Metzger was operating the van in a southerly direction on Highridge Park Road approaching the intersection of Highridge Park Road and Keystone Boulevard.

12. At the same time and place, a tractor trailer being operated by Singh Narwinder

was traveling east of Keystone Boulevard approaching the same intersection.

13. As Mr. Narwinder entered the subject intersection, the traffic light was green, and therefore, he proceeded to start to turn left to travel north on Highridge Park Road.

14. At the aforementioned mentioned time and place, James Metzger was operating the aforesaid van traveling in a southerly direction on Highridge Park Road, approaching the intersection of Keystone Boulevard, when he failed to stop the van at a red traffic light causing the front of the van to violently collide into the left side of the trailer being operated by Singh Narwinder.

15. As a result of the said collision, Leonard Valitski sustained fatal injuries.

16. The aforesaid fatal collision and all the damages sustained by the Estate of Leonard Valitski are the direct and proximate result of the negligent and careless conduct of James Metzger while acting as an agent, servant, and/or employee of the United States of America and more specifically, the Department of Veterans Affairs.

17. The aforementioned collision was the direct and proximate result of the negligence of James Metzgar and said negligence consisted of:

    a. failed to stop at a red light;

    b. failure to see that a traffic light was red and bring the van to a complete stop before entering the intersection of Highridge Park Road and Keystone Boulevard;

    c. failing to bring the van to a complete stop before entering an intersection that was already occupied by a tractor trailer;

d. Failing to have his motor vehicle under proper and adequate control under the circumstances then and there existing;

e. Failing to operate his motor vehicle in a cautious and alert manner;

f. Being inattentive in failing to maintain a sharp lookout of the roadway and the traffic surrounding him;

g. Failing to maintain a reasonable lookout for the presence of other vehicles on the road;

h. Allowing his attention to be distracted from the roadway and the traffic thereon, thereby failing to properly observe other vehicles;

i. Failing to safely avoid a collision with the tractor trailer being operated by Singh Narwinder;

j. Operating his vehicle in a negligent and careless manner without due regard for the safety and position of the Leonard Valitski;

k. Failing to exercise the degree of care and caution which an ordinary and prudent person would have exercised under the circumstances;

l. Failing to pay attention while behind the wheel of a vehicle;

m. Failing to make necessary and reasonable observations while operating his vehicle;

n. Operating his vehicle in such a manner as to bring it into forcible contact with another's vehicle;

o. Creating a hazardous situation by virtue of the above referenced conduct;

p. Operating his vehicle with a careless disregard for the safety of

       Plaintiff;

q.    violating laws of the Commonwealth of Pennsylvania regarding safe operation of motor vehicles;

## COUNT I – WRONGFUL DEATH ACTION

## DONNA HURLBUT, AS THE EXECUTOR OF THE ESTATE OF LEONARD VALITSKI

## v.

## UNITED STATES OF AMERICA

18.    Plaintiff incorporates all of the paragraphs of this Complaint as if set forth herein.

19.    Plaintiff, Donna Hurlbut, as the Executrix of the Estate of Leonard Valitski brings this action for wrongful death on behalf of Plaintiff's decedent, Leonard Valitski, pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. §8301 and Pa. R.C.P. 2202(a).

20.    Decedent, Leonard Valitski was survived by his daughter, Donna Hurlbut and his son, John Valitski, who are entitled to recover damages for his death.

21.    Decedent, Leonard Valitski neither brought an action for his injuries in his lifetime nor has any civil action for his wrongful death been commenced.

22.    As a direct and proximate result of the tortious conduct of the Defendant, Plaintiff suffered damages based on the value of Leonard Valitski's life to his family and the expenses caused to them by his death, including but not limited to:

      a.      ambulance, hospital, doctor, nursing, medical, funeral, burial and estate administration bills;

      b.      all sums that the decedent would have contributed to the support of his family over his life expectancy, including but not limited to social security and/or disability payments; including contributions to his family for such items as food, clothing, medical care, education, entertainment, gifts and recreation;

      c.      the pecuniary value of services, gifts, society, comfort companionship and guidance he would have given to his family had he lived, including the provision of physical comforts, services, society and comfort as well as the love, gifts and care he would have provided to his family, including the profound emotional and psychological loss suffered upon his death caused by Defendants;

      d.      other damages pursuant to 42 Pa. C.S.A. §8301.

23. The United States of America is liable to the Plaintiffs under the Wrongful Death Act.

WHEREFORE, Plaintiff, Donna Hurlbut, as the Executrix of the Estate of Leonard Valitski demand judgment in their favor in and against Defendants, United States of America excess of $75,000.00, together with interest, costs, delay damages, and such other relief as the Court deems appropriate.

## COUNT II – SURVIVAL ACTION

## DONNA HURLBUT, AS THE EXECUTOR OF THE ESTATE OF LEONARD VALITSKI

**v.**

## UNITED STATES OF AMERICA

24. Plaintiffs incorporates all of the paragraphs of this Complaint as if set forth herein.

25. Plaintiff, Donna Hurlbut, as the Executrix of the Estate of Leonard Valitski brings this survival action on behalf of the Estate of Leonard Valitski, deceased pursuant to 42 Pa.C.S.A. §8302 and Pa. R.C.P. 20 Pa. C.S. §3373.

26. As a result of the conduct of the United States of America, as aforesaid, the decedent was caused to suffer physical injuries and emotional trauma including but not limited to:

      a)     right distal radius fracture;

      b)     left posterior hip dislocation;

      c)     acetabular fracture;

      d)     patellar fracture;

      e)     shattered left tibial plateau fracture;

      f)     distal tibial fracture;

      g)     left great toe dislocation;

      h)     right 5th MCP laceration open to capsule;

i)  left tibia plateau;

j)  left first MTP dislocation;

k)  exposed extensor tendons;

l)  left posterior wall/column fracture with incarcerated fragments;

m)  acute respiratory failure;

n)  traumatic brain injury;

o)  intraventricular hemorrhage;

p)  subarachnoid hemorrhage;

q)  atrial fibrillation;

r)  shock;

s)  cardiogenic shock;

t)  generalized trauma to the bones, joints, muscles, organs, tissues and fibers of his body;

u)  lung and other injuries leading to difficulty breathing;

v)  loss of consciousness;

w)  loss of awareness;

x)  hematomas;

y)  aspiration;

z)  acute respiratory failure;

aa)  hypoxia;

  bb) acute fear and intense emotional distress;

  cc) awareness of impending death;

  dd) such injuries as are set forth in the medical records and reports;

  ee) death.

27. The decedent suffered, and United States of America is responsible for, damages including but not limited to:

  a) all the physical pain, suffering, mental anguish, discomfort, inconvenience, and emotional distress Leonard Valitski suffered from onset of injury to time of death, including fear of impending death;

  b) decedent's total net income between the death and the end of his life expectancy, after deductions for personal maintenance;

  c) the decedent's other pecuniary losses as a result of his death; and

  d) all other damages sustained by Leonard Valitski by reason of the decedent's death pursuant to 42 Pa.C.S.A. §8302 and Pa. R.C.P. 20 Pa. C.S. §3373.

28. The Defendants, United States of America are liable to the decedent, Leonard Valitski, under the Survival Act.

WHEREFORE, Plaintiff, Donna Hurlbut, as the Executrix of the Estate of Leonard Valitski, demand judgment in their favor in and against Defendants, United States of America excess of $75,000.00, together with interest, costs, delay damages, and such other relief as the Court deems appropriate.

Respectfully submitted,

LENAHAN & DEMPSEY, P.C.

By *s/Michael A. Dempsey*
  Michael A. Dempsey, Esquire
  Attorneys for Plaintiffs

  116 N. Washington Ave., Suite 400
  Scranton, PA  18503
  570-346-2097
  570-346-1174 (facsimile)